UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/2023

CHANEL, INC.,

                     Plaintiff,

       -against-

XIAOLE LIN, SHUN MIAO DING, GUO L.
HUANG, XIAOWEI GAO, XINGYUN HU,
MING LI, FEI Y. LU, YONGCHAN ZHANG,
YU HOU QU, CAI QIN XIE, XIAOLIU WANG,
and JOHN and JANE DOES 1–100,

                  Defendants.

Civil Case No. 23 Civ. 2004

**[PROPOSED] TEMPORARY
RESTRAINING ORDER; ORDER TO
SHOW CAUSE FOR PRELIMINARY
INJUNCTION; ORDER AUTHORIZING
EXPEDITED DISCOVERY**

**WHEREAS**, the Court, having considered Plaintiff Chanel, Inc.'s ("Plaintiff" or "Chanel") complaint and exhibits thereto, the declarations of Lora Moffatt, Robert M. Wasnofski, Jr. and Stephen G. Ward, including the exhibits annexed thereto, and the accompanying memorandum of law, filed in support for (1) an order granting an *ex parte* temporary restraining order pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65(b); (2) an order to show cause why a preliminary injunction should not issue pursuant to 15 U.S.C. § 1116, 15 U.S.C. § 1125(c)(1), N.Y. Gen. Bus. Law § 360-l, and Fed. R. Civ. P. 65(a); (3) an order granting Plaintiff leave to take expedited discovery pursuant to Fed. R. Civ. P. 26(d); and (4) an order granting any further relief as the Court deems just and proper; and good cause being shown therefor, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    Chanel is the owner of several valid and subsisting trademark registrations, including, but not limited to, the federally registered marks CHANEL, the CC Monogram, and

design marks and variations thereof owned by Chanel (collectively, the "Marks"), which appear

on the Principal Register in the United States Patent and Trademark Office ("USPTO"), including:

| Reg. No. | Trademark | Goods |
|---|---|---|
| 0626035 | CHANEL | Class 18: Women's handbags |
| 1347677 | CHANEL | Class 18: Leather goods namely, handbags |
| 1733051 | CHANEL | Class 18: Leather goods namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |
| 1314511 | | Class 18: Leather goods namely, handbags |
| 1734822 | | Class 18: Leather goods namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| 5912273 | | Class 18: Handbags |

Declaration of Lora Moffatt, dated March 7, 2023 ("Moffatt Decl."), ¶¶ 6–7, Ex. A.

2.      For many decades, Chanel has extensively and continuously advertised and

promoted the Marks in connection with, *inter alia*, handbags, small leather goods, shoes, clothing,

jewelry, eyewear, accessories, and fragrance and beauty products within the United States.  *Id.*

¶¶ 5, 8–11.

3.      As a result, the Marks are well-known throughout the United States and worldwide

as products of high quality exclusively originating from Chanel.  *Id.* ¶ 12.

4.     Based on the widespread and long-term use of the Marks, the Marks became famous long prior to the acts of Defendants described below and have developed a strong secondary meaning and significance in the minds of the purchasing public.  *Id.* ¶¶ 13, 20.

5.     Chanel also owns common law rights in the Marks and in its trade name, Chanel, under which it has long promoted, advertised, offered for sale, and sold its goods in the United States, including in New York.  *Id.* ¶ 14.

6.     Over a period of many months in 2022 and 2023, investigators uncovered counterfeiting operations conducted in the Chinatown neighborhood of Manhattan, whereby a network of individuals distribute, offer to sell and sell cheaply made knockoff products bearing spurious marks owned by various luxury goods companies, including Chanel.  Declaration of Stephen G. Ward, dated March 7, 2023 ("Ward Decl."), ¶¶ 4–5.

7.     Those involved in the counterfeit operations use laminated or digital sell sheets to offer knockoffs of high-end handbags and other luxury products to passersby in the Chinatown neighborhood of Manhattan, often utilizing runners to obtain counterfeit goods from stashes in nearby vehicles once prospective customers express interest in making a purchase.  *Id.* ¶ 6.

8.     Pursuant to a seizure order entered in a related action captioned *Christian Dior Couture SA v. Xiaole Lin et al.*, Case No. 22-cv-10716 (the "Dior Action"), on January 12, 2023, attorneys for Christian Dior, who also represent Chanel in this action, in conjunction with investigators and the New York City Police Department, executed a seizure in the Chinatown neighborhood of Manhattan on numerous Defendants and vehicles bearing New York license plate numbers DSY 8799, DGD 2539, JGA 2395, and KNK 8606 (the "January 12 Seizure").  *Id.* ¶ 7.

9.     The January 12 Seizure uncovered thousands of counterfeit items including, *inter alia*, 185 knockoff bags and numerous laminated sell sheets bearing the Chanel Marks.  *Id.* ¶ 8.

10.     Defendants Huang, Hu, Lu, Wang, Qu, Zhang, and Xie were all present at the January 12 Seizure and each are believed to be involved in the trafficking, offering for sale, and/or sale of counterfeit products bearing the Marks.  *Id.* ¶ 9.

11.     Defendants Lin, Ding, Gao, and Li are also believed to be involved in the counterfeiting operations based on prior investigations.  *Id.* ¶ 10–14.

12.     Chanel has examined samples of the products that were discovered during the January 12 Seizure and photographs thereof and determined them to be counterfeit.  Moffatt Decl. ¶¶ 21–23, Ex. C.

13.     Chanel did not manufacture the counterfeit Chanel products, did not approve such products for sale and/or distribution, and has not authorized Defendants to use the Marks.  *Id.* ¶¶ 21–24, 26.

14.     Because the counterfeit products are not subject to Chanel's strict quality control standards and are manufactured, distributed, and sold without Chanel's authorization, any further offers for sale, distribution, and/or sales of such products will irreparably harm Chanel, its reputation, and its substantial goodwill in the Marks.  *Id.* ¶¶ 26–28.

15.     Chanel has no adequate remedy at law for Defendants' counterfeiting and infringing acts.  *Id.* ¶¶ 26–29.

16.     Monetary damages alone cannot adequately compensate Chanel for Defendants' infringements of Chanel's intellectual property rights because such damages fail to address the loss of control and damage to Chanel's reputation and goodwill.  *Id.* ¶ 29.

17.     Rule 65(b) of the Federal Rules of Civil Procedure authorizes courts to issue an *ex parte* temporary restraining order where immediate and irreparable injury, loss, or damage will

result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b).

18.     Section 34 of the Lanham Act expressly authorizes this Court to issue *ex parte* restraining orders "with respect to a violation [of the Act] that consists of using a counterfeit mark in connection with the sale, offering for sale, or distribution of goods." 15 U.S.C. § 1116(d)(1)(A).

19.     The standard for granting a temporary restraining order and a preliminary injunction are synonymous. *3M Co v. Performance Supply, LLC,* 458 F. Supp. 3d 181, 191 (S.D.N.Y. 2020).  A party seeking to obtain either relief must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of an injunction; (3) that the balance of hardships favors the plaintiff; and (4) that the public interest will not be disserved if an injunction issues. *Id.*

20.     The Court finds that Chanel is likely to succeed on the merits of its claims.  The Lanham Act provides that a defendant is liable for trademark infringement and counterfeiting if a defendant, "without the consent of the registrant, uses in commerce any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods . . . which such use[s] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1).  Courts examine whether (1) "plaintiff's mark is entitled to protection," and (2) whether "defendant's use of the mark is likely to cause consumers confusion." *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003).

21.     Chanel's claims for false designation of origin and unfair competition under the Lanham Act are subject to the same analysis and may be considered together.  *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 114 (2d Cir. 2006).

22.     Chanel meets both requirements.  Chanel owns federal trademark registrations for the Marks, which serve as *prima facie* evidence of validity.  *See* Moffatt Decl. ¶¶ 6–7, Ex. A; 15 U.S.C. §§ 1057(b), 1115(a); *see also Matal v. Tam*, 137 S. Ct. 1744, 1753 (2017).  Because Defendants are using identical or substantially indistinguishable copies of Chanel's Marks in connection with their trafficking of counterfeit products, *see* Moffatt Decl. ¶¶ 6, 15, 21–24, Exs. A–C, Ward Decl. ¶ 8, likelihood of confusion is all but certain.  *See Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 421 (S.D.N.Y. 2018).

23.     Demonstration of a likelihood of success on the merits of a Lanham Act claim demonstrates a likelihood of success on the merits of an unfair competition claim based on New York common law if the plaintiff shows the defendants acted in bad faith.  *Salvatore Ferragamo S.p.A. v. Does 1-56*, No. 18-CV-12069 (JPO), 2020 WL 774237, at *4 (S.D.N.Y. Feb. 18, 2020).  Because Chanel has demonstrated a likelihood of success on its trademark infringement and counterfeiting claims against Defendants, bad faith is presumed.  *See id.*

24.     Chanel has also demonstrated a likelihood of success on the merits on its dilution claims under both federal and New York trademark law.  Federal trademark dilution claims require showing that "(1) the mark is famous; (2) defendant's use of the mark is made in commerce; (3) the defendant used the mark after the mark is famous; and (4) the defendant's use of the mark is likely to dilute the quality of the mark by blurring or tarnishment."  *DigitALB, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 557 (S.D.N.Y. 2018) (internal citation omitted).  The legal standard for New York trademark dilution claims is "essentially the same."  *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002).

25.     Chanel satisfies each prong of the dilution analysis.  Chanel's long-term, widespread advertising and sales success of its products over many decades, and the broad

recognition of the Marks among the public over that time, demonstrate that the Marks are famous and became so long prior to the acts complained of herein by Defendants. *See* Moffatt Decl. ¶¶ 8–15, 20. Further, Defendants are trafficking the counterfeit Chanel products in commerce and such acts took place after the Marks became famous. *See id.* ¶¶ 20–24, 26, Ex. C; Ward Decl. ¶¶ 8–14. Indeed, it is the fame of Chanel's Marks that no doubt motivated Defendants to traffic in counterfeit Chanel products. *See* Moffatt Decl. ¶¶ 5, 8–13, 20–24, Ex. C; Ward Decl. ¶¶ 5–6, 8–14. And lastly, Defendants' use of Chanel's Marks is likely to cause dilution by blurring or dilution by tarnishment as courts in this District have held that the trafficking of counterfeit products causes dilution by blurring and tarnishment *per se*. *See, e.g.*, *Burberry Ltd. v. Euro Moda, Inc.*, No. 08 CIV. 5781 (CM), 2009 WL 1675080, at *14–15 (S.D.N.Y. June 10, 2009). The use of counterfeit marks necessarily harms a mark's ability to serve as a unique source identifier causing dilution by blurring and moreover it harms the reputation of a mark given the dissimilar quality of counterfeit products sold under the plaintiff's mark thereby causing dilution by tarnishment. *See Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 507 (2d Cir. 1996); *Burberry*, 2009 WL 1675080, at *15.

26.     Because Chanel has demonstrated a likelihood of success on the merits of its claims, irreparable injury may be presumed. 15 U.S.C. § 1116(a).

27.     On balance, the equities decidedly tip in favor of Chanel. Without an injunction, Chanel's goodwill among its customers and the public will suffer, consumers in the marketplace will be confused, and Defendants will continue to profit from their exploitation of Chanel's intellectual property. *See* Moffatt Decl. ¶¶ 26–30. Defendants' retention of unlawful profits is insufficient to tip the balance in Defendants' favor. Defendants proceeded at their own peril when they intentionally infringed Chanel's intellectual property rights and engaged in this illicit conduct.

*See Barefoot Contessa Pantry, LLC v. Aqua Star (USA) Co.*, No. 15-CV-1092 JMF, 2015 WL 845711, at *8 (S.D.N.Y. Feb. 26, 2015).

28.     Granting the temporary restraining order serves the public interest in this case because it will prevent the public from confusion, deception and mistake as a result of Defendants' aforementioned acts.  *See NYP Holdings v. New York Post Pub. Inc.*, 63 F. Supp. 3d 328, 342 (S.D.N.Y. 2014) ("The consuming public has a protectable interest in being free from confusion, deception and mistake.")

29.     The Court also finds good cause to grant Chanel's request for expedited discovery to probe the scope of Defendants' infringements of Chanel's intellectual property rights, the sources and additional locations of counterfeit Chanel products, the identities of others involved in the counterfeit operation, the extent of Defendants' distribution and/or sales of counterfeit products and their profits from such sales, and the financial accounts used in the counterfeit operations.  *See* Fed. R. Civ. P. 26(b)(2); *Streamlight, Inc. v. Gindi*, No. 18-CV-987 (NG), 2018 WL 8967042, at *1 (E.D.N.Y. Apr. 23, 2018); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990).

30.     Courts have "wide discretion" on whether to require the posting of a security upon issuance of a temporary restraining order or preliminary injunction, and the amount thereof.  *See Doctor's Assocs., Inc. v. Stuart,* 85 F.3d 975, 985 (2d Cir. 1996); Fed. R. Civ. P. 65(c).  In light of the strong evidence of counterfeiting, infringement, and unfair competition, the Court finds that a bond of $5,000 is appropriate in this instance.  *See, e.g.*, *Conopco, Inc. v. 2026 Third Realty, LLC*, No. 22 CIV. 3480 (AT), 2022 WL 1567795, at *11 5 (S.D.N.Y. May 13, 2022) ($5,000 bond).

### *EX PARTE* TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED THAT**, based on the foregoing facts and conclusions of law, pending the below-referenced hearing, or such other date as may be fixed by the Court, Defendants Xiaole Lin, Shun Miao Ding, Guo L. Huang, Xiaowei Gao, Xingyun Hu, Ming Li, Fei Y. Lu, Yongchan Zhang, Yu Hou Qu, Cai Qin Xie, and Xiaoliu Wang (collectively, "Defendants"), their affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them, are hereby immediately **TEMPORARILY RESTRAINED** from:

1.     Using any of the following trademarks and/or any other marks comprised of or incorporating the following marks (collectively, the "Marks") or any other Chanel trademarks, names, or designations in connection with the trafficking, manufacture, importation, exportation, advertising, marketing, promotion, distributing, offering for sale, and/or sales of any products:

| <u>Reg. No.</u> | <u>Trademark</u> | <u>Goods</u> |
|---|---|---|
| 626035 | CHANEL | Class 18: Women's handbags |
| 1347677 | CHANEL | Class 18: Leather goods namely, handbags |
| 1733051 | CHANEL | Class 18: Leather goods namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |
| 1314511 | | Class 18: Leather goods namely, handbags |
| 1734822 | | Class 18: Leather goods namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| 5912273 | | Class 18: Handbags |

2.     Committing any acts calculated to cause the public to believe that any Chanel-branded products are sold under the control or supervision of Chanel, when they are not;

3.     Selling, passing off, inducing, or enabling others to sell or pass off any products as Chanel products or as products produced by or for Chanel, which are not genuine Chanel products, or are not sold under the control or supervision of Chanel;

4.     Trafficking, manufacturing, importing, exporting, distributing, advertising, marketing, promoting, offering for sale, and/or selling counterfeit products, or any labels, stickers, tags, signs, prints, wrappers, packaging, literature, and all other materials bearing the Marks or any other Chanel trademarks, and all plates, molds, or other means for making the same, directly or indirectly;

5.     Infringing any Marks or any other Chanel trademarks or trade names, or copying any product design, packaging, label, or other material utilized by Chanel in connection with the distribution, offer for sale, and/or sale of any product or service without prior authorization from Chanel;

6.     Using any counterfeit, copy, reproduction, or colorable imitation of any of the Marks in connection with the promotion, advertising, offer for sale, or sale of any products;

7.     Making or using in connection with the sale of any goods, a false description or representation including words or other symbols that falsely describe or represent, expressly or impliedly, such goods as Chanel goods, respectively, and from offering such goods in commerce;

8.     Diluting any of the Marks or any other Chanel trademarks;

9.     Destroying and/or failing to preserve any counterfeit products or records related to the trafficking, manufacturing, importing, exporting, distributing, advertising, marketing,

promoting, offering for sale, and/or sale of any products purporting to be Chanel products or other products using any of the Marks and/or any other Chanel trademarks; and

10.     Aiding or abetting any other person or entity engaging in or performing any of the acts referred to in paragraphs 1 through 9 above.

**IT IS FURTHER ORDERED THAT**, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, their officers, directors, owners, agents, employees, representatives, successors or assigns, and all persons acting in active concert or in participation with any of them, or receiving actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, withdrawing, or disposing of any money or other asset into or out of accounts held by, associated with, or utilized by the Defendants until further ordered by this Court.

**IT IS FURTHER ORDERED THAT**, any banks, savings and loans associations, payment processors or other financial institutions for the Defendants, receiving actual notice of this Order by personal service or otherwise, shall immediately locate all accounts held by or connected with Defendants, and any such accounts shall be temporarily restrained and enjoined from transferring or disposing of any assets in those accounts until further ordered by this Court.

**IT IS FURTHER ORDERED THAT**, upon two (2) business days' written notice to the Court and counsel for Chanel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**IT IS on this** 20th **day of March, 2023, ORDERED** that Defendants appear and show cause before the Honorable <u>Jennifer H. Rearden</u>, United States District Judge, ~~Courtroom~~

by Microsoft Teams

~~of the United States District Court for the Southern District of New York, located at~~

~~_____~~, ~~New York, NY,~~ at 11:30 a.m. ~~/p.m.~~ or as soon thereafter as counsel can

be heard, on the 3rd  day of ~~March,~~ 2023, and show cause why a preliminary injunction, pursuant

April

to 15 U.S.C. § 1116, 15 U.S.C. § 1125(c)(1), N.Y. Gen. Bus. Law § 360-l , and Fed. R. Civ. P.

65(a), should not be issued enjoining them, their agents, servants, employees, officers, and all other

persons and entities in active concert or participation with them, pending the final hearing and

determination of this action, from:

1.     Using any of the Marks or any other Chanel trademarks, names, or designations in

connection with the trafficking, manufacture, importation, exportation, advertising, marketing,

promotion, distributing, offering for sale, and/or sales of any products.

2.     Committing any acts calculated to cause the public to believe that any Chanel-

branded products are sold under the control or supervision of Chanel, when they are not;

3.     Selling, passing off, inducing, or enabling others to sell or pass off any products as

Chanel products or as produced by or for Chanel, which are not genuine Chanel products, or are

not sold under the control or supervision of Chanel;

4.     Trafficking, manufacturing, importing, exporting, distributing, advertising,

marketing, promoting, offering for sale, and/or selling counterfeit products, or any labels, stickers,

tags, signs, prints, wrappers, packaging, literature, and all other materials bearing the Marks or any

other Chanel trademarks, and all plates, molds, or other means for making the same, directly or

indirectly;

5.     Infringing any Marks or any other Chanel trademarks or trade names, or copying

any product design, packaging, label, or other material utilized by Chanel in connection with the

distribution, offer for sale, and/or sale of any product or service without prior authorization from Chanel;

6.  Using any counterfeit, copy, reproduction, or colorable imitation of any of the Marks or any other Chanel trademarks or trade name in connection with the promotion, advertising, offer for sale, or sale of any products;

7.  Making or using in connection with the sale of any goods, a false description or representation including words or other symbols that falsely describe or represent, expressly or impliedly, such goods as Chanel goods and from offering such goods in commerce;

8.  Diluting any of the Marks or any other Chanel trademarks;

9.  Destroying and/or failing to preserve any counterfeit products or records related to the trafficking, manufacturing, importing, exporting, distributing, advertising, marketing, promoting,  offering for sale, and/or sale of any products purporting to be Chanel products or other products using any of the Marks and/or any other Chanel trademarks; and

10.  Aiding or abetting any other person or entity engaging in or performing any of the acts referred to in paragraphs 1 through 9 above.

## SERVICE, OPPOSITION, AND REPLY PAPERS FOR PRELIMINARY INJUNCTION RELIEF

**IT IS FURTHER HEREBY ORDERED THAT** that service or delivery of the copies of the Summons and Complaint and of this Order, together with the papers in support thereof, shall be served on all Defendants personally, or upon counsel, should counsel appear for a Defendant, or by any other means authorized by the Federal Rules of Civil Procedure, no later than ____March 22____, 2023;

**IT IS FURTHER HEREBY ORDERED THAT** answering papers by Defendants, if any, shall be filed no later than _____March 30_____, 2023, and be served personally or by overnight

delivery upon counsel for Chanel to be received on or before said date, and a courtesy copy shall be delivered to the Court's Chambers on the same date.

**IT IS FURTHER HEREBY ORDERED THAT** any reply papers by Chanel shall be filed and served personally or by overnight delivery upon Defendants, or through their counsel, on or before _____March 31_____, 2023, and a courtesy copy shall be delivered to the Court's Chambers on the same date.  Defendants are hereby on notice that failure to appear at the show cause hearing may result in the summary imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED THAT**, pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure, Chanel shall be entitled to conduct expedited discovery from all Defendants as follows:

1.      Chanel may serve requests for the production of documents and interrogatories pursuant to Rules 26, 33, and 34 of Federal Rules of Civil Procedure, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests, and answer such interrogatories, within fourteen (14) days of service to Chanel's counsel.  Service of such discovery requests and interrogatories on Defendants shall be deemed good and sufficient if made personally upon Defendants or upon counsel, should counsel appear for a Defendant in this action. Service of such discovery requests and interrogatories on Defendants may also be made by first-class mail, in which case the Defendant shall have fourteen (14) days from the date of mailing to respond to the discovery requests; and

14

2.      All Defendants shall additionally appear for their deposition or provide witnesses for deposition, as appropriate, pursuant to Rule 30 of the Federal Rules of Civil Procedure, not later than seven (7) days after Chanel serves them with notices of deposition for such witnesses' testimony.  Service of such deposition notices on Defendants shall be deemed good and sufficient if made personally on Defendants, or upon counsel, should counsel appear for a Defendant in this action.  Service on Defendants may also be made by first-class mail, in which case the Defendants shall have seven (7) days from the date of mailing to appear for deposition as called for by the deposition notice(s).

**IT IS FURTHER ORDERED THAT**, pending the final disposition of all claims in this action, all Defendants shall preserve all documents, electronically-stored information, and/or tangible things that may be relevant to the subject matter of, ~~or reasonably calculated to lead to the discovery of admissible evidence in,~~ this action or any of the claims asserted herein and maintain them in an accessible form and place.

## BOND

**IT IS FURTHER ORDERED THAT** a bond or undertaking in the amount of $5,000 be posted with the Clerk of Court by Chanel on or before ___March 22___, 2023, to provide security for the payment of such costs and damages as may be incurred or suffered by any party as a result of wrongful implementation of this Order, or any part thereof.

**SO ORDERED**, this day of March _20_, 2023.

_____
United States District Court Judge